**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-4903**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ANTHONY THOMPSON,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    William  D.  Quarles,  Jr.,  District
Judge.  (1:09-cr-00081-WDQ-1)

—————————

Submitted:  February 14, 2011        Decided:  March 17, 2011

—————————

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James  Wyda,  Federal  Public  Defender,  Paula  Xinis,  Assistant
Federal  Public  Defender,  Greenbelt,  Maryland,  for  Appellant.
Rod  J.  Rosenstein,  United  States  Attorney,  Christopher  Mason,
Special  Assistant  United  States  Attorney,  Baltimore,  Maryland,
for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Anthony Thompson of possession of a firearm after having previously been convicted of a crime punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Thompson to 235 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Thompson first argues that an expert's testimony regarding the interstate nexus of the firearm he possessed violated the Confrontation Clause of the Sixth Amendment because it was based on inadmissible hearsay. "The Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, . . . provides that [i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2531 (2009) (internal quotation marks and citation omitted). Therefore, a witness' testimony is "inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." Id. (quoting Crawford v. Washington, 541 U.S. 36, 51, 54 (2004)) (internal quotation marks omitted).

However, while "Crawford forbids the introduction of testimonial hearsay as evidence in itself, . . . it in no way

2

prevents expert witnesses from offering their independent judgments merely because those judgments were in some part informed by their exposure to otherwise inadmissible evidence." United States v. Johnson, 587 F.3d 625, 635 (4th Cir. 2009). An expert's reliance on testimonial hearsay "only becomes a problem where the witness is used as little more than a conduit or transmitter for testimonial hearsay, rather than as a true expert whose considered opinion sheds light on some specialized factual situation." Id. The test is whether the expert is giving an independent judgment or "merely acting as a transmitter for testimonial hearsay." Id. "As long as he is applying his training and experience to the sources before him and reaching an independent judgment, there will typically be no Crawford problem." Id. We have thoroughly reviewed the record and conclude that the expert witness' testimony was not used as a mere conduit for testimonial hearsay. Therefore, the expert's testimony did not violate Thompson's Sixth Amendment rights.

Thompson next argues that there was insufficient evidence to support the conviction. This court reviews a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The

3

verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

Moreover, to establish a violation of 18 U.S.C. § 922(g)(1), the Government was required to prove that: (1) Thompson was a convicted felon; (2) he knowingly possessed a firearm; and (3) the firearm traveled in interstate commerce. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Our review of the record compels us to conclude that the Government presented substantial evidence from which the jury could conclude that Thompson was guilty of the charged offense.

Finally, Thompson argues that the sentence is procedurally and substantively unreasonable. We review a

4

sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. Finally, we then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within guidelines sentence).

In imposing a sentence, a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). In addition, "[w]here [the parties]

5

present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted). "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

When the claim is preserved, this court reviews the issue for an abuse of discretion. Id. at 576, 579. If the district court abused its discretion, this court will "reverse unless . . . the error was harmless." Id. at 576. Where the district court commits error, the government bears the burden of demonstrating that the error was harmless. Id. at 585. Thompson argues that the district court failed to conduct an individualized assessment of the case and the § 3553(a) factors and failed to respond to his sentencing arguments. Having reviewed the record, however, we are not persuaded the district court erred. Moreover, we are satisfied that even if error occurred, it was harmless. Finally, Thompson has failed to rebut the presumption of reasonableness this court applies to his within-guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED